UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CAZE D. THOMAS,

                    Plaintiff,

          -against-

BROOKLYN DENTAL ADVANCE DENTAL
CARE OF NEW YORK; DR. ROBERT
AMIRIAN; DR. VIREN ABREO,

                    Defendants.

1:23-CV-7095 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Caze D. Thomas, of Fresh Meadows, Queens County, New York, filed this *pro se* action purporting to invoke the court's federal question jurisdiction and supplemental jurisdiction. Plaintiff names as defendants: (1) Brooklyn Dental Advance Dental Care of New York ("Brooklyn Dental"), of Brooklyn, New York; (2) Dr. Robert Amirian, whom Plaintiff alleges is a dentist employed at Brooklyn Dental; (3) Dr. Viren Abreo, whom Plaintiff alleges is also a dentist employed at Brooklyn Dental; and (4) "et. al," which the Court understands to be additional unidentified employees of Brooklyn Dental. Plaintiff asserts claims for damages and injunctive relief arising from the quality of dental care Plaintiff received on March 9, 2023, at Brooklyn Dental.

For the following reasons, the Court transfers this action to the United States District Court for the Eastern District of New York.

## DISCUSSION

With respect to Plaintiff's claims, they may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if

there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the judicial district where the person is domiciled, and any other "entity with the capacity to sue and be sued," if a defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* § 1391(c)(1), (2).

While it appears clear that Brooklyn Dental resides in Brooklyn, Kings County, New York, which lies within the Eastern District of New York, and that it may also reside within this judicial district,[1] because Plaintiff does not specify where any of the other defendants reside, it is unclear whether this court is a proper venue for this action under Section 1391(b)(1). Even if the Court were to assume that all of the defendants reside within the State of New York and that at least one of them resides within this judicial district, making venue for this action proper in this court under Section 1391(b)(1), because Plaintiff alleges that the events giving rise to the claims occurred at Brooklyn Dental, located in Brooklyn, Kings County, in the Eastern District of New York, the United States District Court for the Eastern District of New York is clearly also a proper venue for this action under Section 1391(b)(2).

Under 28 U.S.C. § 1404(a), even if an action is filed in a federal district court where venue is proper, a court may transfer the action to any other federal district court where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28

---

[1] This judicial district, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. 28 U.S.C. § 112(b). The Eastern District of New York is comprised of the following New York State counties: (1) Kings (New York City Borough of Brooklyn); (2) Queens (New York City Borough of Queens); (3) Richmond (New York City Borough of Staten Island); (4) Nassau; and (5) Suffolk. § 112(c).

U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 458-59 (S.D.N.Y. 2011); *see also N.Y. Marine & Gen. Ins. Co. v. LaFarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer to the United States District Court for the Eastern District of New York appears to be appropriate for this action. The underlying events allegedly occurred, and all of the defendants appear to be located, in Kings County, in the Eastern District of New York, and it is reasonable to expect that relevant documents and witnesses would also be located there. Thus, the United States District Court for the Eastern District of New York appears to be a more convenient forum for this action. Accordingly, this Court transfers this action to that court. *See* § 1404(a); *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Eastern District of New York. 28 U.S.C. § 1404(a). Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the

transferee court. Summonses shall not issue from this court. This order closes this action in this court.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   August 28, 2023
         New York, New York

                                    /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                                    Chief United States District Judge

4