UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
Caze D. Thomas,

Plaintiff,

-against-

Brooklyn Dental Advance Dental Care of New York, *et al.*,

Defendants.
-------------------------------------------------------------X

**MEMORANDUM & ORDER**
23-CV-06898 (DG) (VMS)

DIANE GUJARATI, United States District Judge:

On August 8, 2023, Plaintiff Caze D. Thomas, proceeding *pro se*, commenced this action in the United States District Court for the Southern District of New York against Brooklyn Dental Advance Dental Care of New York ("Brooklyn Dental"), Dr. Robert Amirian, and Dr. Viren Abreo, stemming from a dental procedure Plaintiff alleges he underwent. *See generally* Complaint ("Compl."), ECF No. 1.[1] Plaintiff also requested leave to proceed *in forma pauperis*. *See* ECF No. 2. By Order of Chief Judge Laura Taylor Swain of the United States District Court for the Southern District of New York dated August 28, 2023, the action was transferred to the United States District Court for the Eastern District of New York. *See* Transfer Order, ECF No. 4.

In the section of the preprinted complaint form calling for Plaintiff to indicate "the basis for federal-court jurisdiction," Plaintiff checks the box indicating "Federal Question" and does

---

[1] Plaintiff lists as an additional defendant, without further elaboration, "Et al." *See* Compl. at 1, 5.

References to the Complaint are to the page numbers generated by the Court's electronic case filing system ("ECF"). ECF No. 1 consists of the Complaint and various attachments, each of which the Court has considered. For ease of citation, the Court refers to ECF No. 1 in its entirety as "Compl."

not check the box indicating "Diversity of Citizenship." *See* Compl. at 2.[2] Plaintiff also asserts "New York State/New York City Supplemental Jurisdiction." *See* Compl. at 2.

In an Order to Show Cause dated January 30, 2024, Magistrate Judge Vera M. Scanlon informed Plaintiff that "[f]ederal courts are courts of limited jurisdiction," noted that Plaintiff claims that the basis for the Court's jurisdiction over this action is "federal question jurisdiction," stated that "whether this Court has jurisdiction over this action is unclear from the face of Plaintiff's complaint," and directed Plaintiff to show cause on or before February 20, 2024 as to why this action should not be dismissed for lack of subject matter jurisdiction. *See* January 30, 2024 Order to Show Cause. Plaintiff did not file any response to the January 30, 2024 Order to Show Cause. *See generally* docket.

In an Order to Show Cause dated March 29, 2024, Judge Scanlon, noting that Plaintiff had failed to respond to her earlier Order, again directed Plaintiff to show cause – this time, on or before April 18, 2024 – as to why this action should not be dismissed for lack of subject matter jurisdiction. *See* March 29, 2024 Order to Show Cause.

On April 18, 2024, Plaintiff filed a submission styled as a "Notice of Motion," in which he states: "I motion this court for jurisdiction because I do not know if the parties reside in New York City or New York State, or if either are still living. Nonetheless, I am not electing for a Magistrate Judge to recommend or report with the uttermost respect." *See* ECF No. 7 at 1.

Pending before the Court is Plaintiff's request to proceed *in forma pauperis*. *See* ECF No. 2.

The Court grants Plaintiff's request to proceed *in forma pauperis* and, for the reasons set

---

[2] Indeed, the Complaint does not reflect a basis for diversity jurisdiction. *See* 28 U.S.C. § 1332; Compl. at 2-5.

forth below, dismisses the Complaint.

**BACKGROUND**

The Court notes at the outset that Plaintiff's Complaint, together with its attachments, is somewhat difficult to decipher. *See generally* Compl. Among the documents attached to the Complaint are numerous copies of X-rays of teeth and lists or partial lists referencing various claims and/or harms. *See* Compl. at 11-53. The lists/partial lists appear to be preprinted, the source(s) of such lists/partial lists is not evident from the face of the documents, and Plaintiff has added to certain of the lists/partial lists handwritten notations.[3]

One of the partial lists references certain federal statutes that do not appear to be applicable under the circumstances here and/or do not afford Plaintiff a private right of action. *See* Compl. at 50 (referencing Title VII, Title IX, and various criminal statutes). Certain of the lists/partial lists reference "Civil Rights Violations." *See, e.g.*, Compl. at 32, 33, 39. In light of Plaintiff's *pro se* status, given the reference to "Civil Rights Violations," the Court liberally construes the Complaint as seeking to bring claims under 42 U.S.C. § 1983 ("Section 1983"). The Court also liberally construes the Complaint as seeking to bring a plethora of state law claims. *See* Compl. at 32-53.

---

[3] With respect to claims, the lists/partial lists reference, *inter alia*: medical malpractice; assault and battery; intentional infliction of emotional distress; civil rights violations and hate crime; negligence; invasion of privacy; destruction of evidence and obstruction of justice; loss of quality of life and emotional distress; interference with future dental procedures; medical battery; misgendering and discrimination; defamation of character; and interference with making legal reports. With respect to harms, the lists/partial lists reference, *inter alia*: disfiguration of physical appearance; impaired contour of face; emotional distress; impact on intimate and future relationships; negative effects on the clarity and quality of thoughts; confusion; stroke-like conditions; induced hearing infections and hearing loss; reduced ability to perform martial arts and exercise; memory loss; interference with cognitive abilities; impact on ability to engage in future dental procedures; and inability to express natural musical talent. Various of the lists/partial lists overlap, contributing to the lack of clarity of Plaintiff's allegations.

All of Plaintiff's claims appear to stem from a dental procedure Plaintiff alleges he underwent on March 9, 2023, which Plaintiff alleges was not properly performed and which Plaintiff alleges caused various forms of harm to Plaintiff. *See generally* Compl. Plaintiff seeks: (1) an "investigation for surgeries conducted by Dr. Viren Abreo that resulted in death and/or permanent injuries;" (2) "license and practice removed from Dr. Viren Abreo;" (3) a "sum of $500 Billion in total of compensation for [injuries], harms, damages past, present, and future;" (4) a "public apology to [Plaintiff], both spoken and written and publicly posted;" and (5) "the complete coverage, and re[im]bursement of all of [Plaintiff's] past, present, and future dental, head, brain, respir[a]tory, neck, upper right back covering [Plaintiff's] entire right shoulder [blades], right armpit, right arm, right ear, face, and the back of [Plaintiff's] neck for any and all medical needs." *See* Compl. at 6.

Plaintiff alleges, *inter alia*, that unnecessary, life-threatening procedures were performed; that "the performing dentist would not stop drilling into [Plaintiff's] skull and had to be forced to stop;" that "the performing dentist was trying to drill past [Plaintiff's] sinuses;" that Plaintiff "alleged that this was a hate crime due to being transgendered;" that "the cops was called on [Plaintiff] when [he] complained;" that the "facility and staff" made "false reports and defam[ed] [Plaintiff's] character to police and others;" that the "[p]erforming surgeon did not protect the wound," "caused infection," and "tried to blame [Plaintiff] for the butcher job he did to [Plaintiff's] jaw and face when he continued to drill into [Plaintiff's] jaw after the tooth was removed;" that the performing surgeon "was trying to kill [Plaintiff] by drilling into [his] sinuses and skull which would have eventually done more brain damage;" that "they destroyed the x-rays of [Plaintiff's] mouth prior to the surgical procedure they performed on [his] mouth;" that "this is a destruction of evidence, and up an obstruction of justice;" that "the [p]erforming dentist

. . . constantly referred to [Plaintiff] as a female;" that "this maybe racially motivated;" and that Plaintiff wants "to sue this dentist for malpractice and any other violations that they committed." *See* Compl. at 10.

With respect to harm, Plaintiff alleges, *inter alia*, that he "was over medicated which caused permanent damage, the damages included causing head injury, they interfered with [Plaintiff's] cognitive abilities, removed another tooth and cartilage that should not have been removed;" that "the injuries caused by the defendants made it difficult to perform a household chores, and physical exercise with [Plaintiff's] right arm;" that "a piece of the drill broke off into [Plaintiff's] skull and or Draw and is currently still there;" that Plaintiff suffered "decline in [his] . . . quality of life;" and that Plaintiff's "ability to express [his] natural Talent which is a musical talent [he] performed as a coping mechanism to stress since the age of three" was "[d]isabled." *See* Compl. at 10.

**STANDARD OF REVIEW**

To survive dismissal for failure to state a claim, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ. of City Sch. Dist. of N.Y.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

In reviewing a *pro se* complaint, a court must be mindful that the plaintiff's pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also, e.g.*, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that, "[e]ven after *Twombly*," courts

"remain obligated to construe a *pro se* complaint liberally"). Nonetheless, where, as here, a *pro se* plaintiff is proceeding *in forma pauperis*, a district court must dismiss the plaintiff's complaint if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In determining whether to dismiss, the court must "accept all 'well-pleaded factual allegations' in the complaint as true." *Lynch v. City of N.Y.*, 952 F.3d 67, 74-75 (2d Cir. 2020) (quoting *Iqbal*, 556 U.S. at 679); *see also Leybinsky v. Iannacone*, No. 97-CV-05238, 2000 WL 863957, at *1 (E.D.N.Y. June 21, 2000) ("For purposes of considering a dismissal under 28 U.S.C. § 1915(e)(2), the allegations in the complaint must be taken as true.").

## DISCUSSION

### I. Plaintiff's Section 1983 Claims are Dismissed for Failure to State a Claim

Section 1983 "provides 'a method for vindicating federal rights elsewhere conferred,' including under the Constitution." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).[4] To sustain a claim brought under Section 1983, "[t]he conduct at issue 'must have been committed by a person acting under color of state law' and 'must have deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.'" *Id.* (quoting *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994)). "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely

---

[4] In pertinent part, 42 U.S.C. § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (quotation omitted).

Here, the conduct at issue appears to be merely private conduct that falls outside the scope of Section 1983. The Complaint, even liberally construed, does not allege that Brooklyn Dental is a state entity. *See generally* Compl. Moreover, although in certain limited circumstances private individuals and entities can be considered to be acting under color of state law in the context of Section 1983, Plaintiff has not alleged any facts to suggest that the actions of Brooklyn Dental or either of the individual Defendants are "fairly attributable" to the state. *See Fabrikant v. French*, 691 F.3d 193, 206-07 (2d Cir. 2012) (discussing tests courts use to identify state actions and state actors in the Section 1983 context and concluding that "[t]he fundamental question under each test is whether the private entity's challenged actions are 'fairly attributable' to the state" (quoting *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982))). Because Plaintiff has not, *inter alia*, plausibly alleged that any Defendant acted under color of state law, any Section 1983 claims here cannot stand.

Plaintiff's Section 1983 claims are dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. The Court Declines to Exercise Supplemental Jurisdiction Over Plaintiff's State Law Claims

Title 28, United States Code, Section 1367(a) provides, as relevant here, that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." District courts may, however, decline to exercise supplemental jurisdiction over such other claims if "the district court has dismissed all claims over which it has

original jurisdiction." 28 U.S.C. § 1367(c)(3). "Courts 'consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise' supplemental jurisdiction." *Lundy v. Cath. Health Sys. of Long Island Inc.*, 711 F.3d 106, 117-18 (2d Cir. 2013) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)). The Supreme Court has recognized that, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Cohill*, 484 U.S. at 350 n.7.

Here, in light of the dismissal of Plaintiff's federal law claims, principles of judicial economy and comity counsel heavily in favor of declining to retain jurisdiction over Plaintiff's state law claims. The Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims and such claims are dismissed pursuant to 28 U.S.C. § 1367(c)(3).

**CONCLUSION**

Plaintiff's request to proceed *in forma pauperis*, ECF No. 2, is granted.

For the reasons set forth above, the Complaint, ECF No. 1, is dismissed. Notwithstanding Plaintiff's *pro se* status, such dismissal is without leave to amend as the Court finds that amendment would be futile in light of the defects noted above with respect to Plaintiff's Section 1983 claims. *See, e.g.*, *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). However, dismissal of the Complaint is without prejudice to Plaintiff seeking any appropriate relief in state court.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore denies *in forma pauperis* status for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment, mail a copy of this Order to Plaintiff, and close this case.

SO ORDERED.

*/s/ Diane Gujarati*
DIANE GUJARATI
United States District Judge

Dated: August 1, 2024
Brooklyn, New York